Jennifer Yu Sacro, SBN: 208988
E-Mail: jsacro@sacrowalker.com
William K. Enger, SBN: 143808
E-Mail: wenger@sacrowalker.com
SACRO & WALKER LLP
700 North Brand Boulevard, Suite 610
Glendale, California 91203
Tel.: (818) 721-9597; Fax: (818) 721-9670

Attorneys for Defendant
HUDSON INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUDSON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff HUDSON INSURANCE COMPANY ("Hudson" or "Plaintiff") claims and alleges as follows:

1. At all times herein mentioned, Hudson was incorporated under the laws of the State of Delaware and had its principal place of business in New York, and was an insurance carrier authorized to do business in California.

2. Plaintiff is informed and believes and based thereon alleges that Defendant TRAVELERS CASUALTY AND SURETY COMPANY ("Travelers")

1
COMPLAINT

is, and all relevant times hereto was, a Connecticut corporation with its principal place of business in Connecticut, doing business in California, and issued policies of insurance to San Joaquin County Employees' Retirement Association ("SJCERA") as further detailed below.

3.  Doe Defendants 1 through 10, inclusive, are sued under fictitious names. Plaintiff is ignorant of the true names and capacities of those Doe Defendants 1 through 10 who issued primary and/or additional insurance providing coverage to SJCERA. Plaintiff will amend this complaint to allege their true names when they have been ascertained. Plaintiff is informed and believes that each of the fictitiously named Doe Defendants 1 through 10 herein is legally responsible in some manner for the acts alleged herein, and that this Court has jurisdiction over each Doe Defendants 1 through 10

4.  Plaintiff is informed and believes and based on that information and belief alleges that at all times mentioned herein each of the Doe Defendants 1 through 10 is an insurance carrier eligible to do business as an insurer in the State of California, and issued commercial general liability policies under which SJCERA is named as an insured, an additional named insured, and/or qualifies as an additional insured.

5.  As used herein, "Defendants" shall refer collectively to Travelers, and Doe Defendants 1 through 10.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this action under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), because it involves a case of actual controversy within its jurisdiction seeking a declaration regarding the rights and obligations of Plaintiff and Defendants.

7.  This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship between Plaintiff, on the one hand, and each of the

Defendants, on the other hand, at the time of the filing of this Complaint. The amount in controversy, exclusive of court costs, exceeds $75,000.

8. Venue is proper because Plaintiff and Travelers delivered their respective insurance policies to SJCERA, their common named insured, in San Joaquin County, California, and the events that are the subject of the underlying insurance claim discussed herein were located in San Joaquin County, California.

## GENERAL ALLEGATIONS

9. Plaintiff is informed and believes that SJCERA was established as a county retirement system operating pursuant to and governed by the mandates of the County Employees Retirement Law of 1937 (Cal. Gov. Code, §§ 31450, et seq.) ("CERL") in April 1946, and operative in June 1946. SJCERA is governed by a Board of Retirement that serves as trustee of SJCERA, with the plenary authority and fiduciary responsibility to provide accurate and timely retirement and related benefits and services to its members and their beneficiaries under the California Constitution, Article XVI, section 17, CERL, and other applicable law.

10. Travelers issued Designated Benefit Plan Fiduciary Liability Coverage Policy No. 105977672 (the "Travelers Policy") to SJCERA as insured. Effective on August 31, 2016, the Travelers Policy provided coverage for claims made and reported against SJCERA during the period starting August 31, 2016 through August 31, 2017. The Travelers Policy also provided that Travelers had a duty to defend SJCERA against such claims.

11. The Travelers Policy included a Prior and Pending Proceeding Date of August 31, 2005, which meant the Policy provided coverage for claims relating to events arising on or after that date, but that excluded coverage for: "Loss for any Claim based upon or arising out of any fact, circumstance, situation, event or Wrongful Act underlying or alleged in any prior or pending civil, criminal, administrative or regulatory proceeding against any Insured as of or prior to the

applicable Prior and Pending Proceeding Date set forth in Item 5 of the Declarations for the Policy [August 31, 2005]."

12. Plaintiff issued to SJCERA Designated Benefit Plan Fiduciary Liability Coverage Policy No. SFD31210944 (the "Hudson Policy"), which provided coverage for claims made and reported against SJCERA during the period starting August 31, 2017 through August 31, 2018.

**The Claim Asserted Against SJCERA and the Subsequent Litigation**

13. On or about June 23, 2017, SJCERA received a letter ("RPESJC Claim Letter") from the President of the Retired Public Employees of San Joaquin County ("RPESJC") on behalf of certain retirees, including Pauline Toy and Margaret Miller. The RPESJC Claim Letter contended that SJCERA and its Board breached their fiduciary duties to RPESJC's members by funding SJCERA's Contingency Reserve at 3% of the assets of SJCERA, rather than pouring over 2% of those assets into a separate reserve account that would provide supplemental benefits to individuals ("Post-'82 Benefit"), such as Toy and Miller, who retired from SJCERA's employer plan sponsors on or after April 1, 1982 and before January 1, 2001 ("Post-'82 Supplemental Benefit Reserve"). The RPESJC Claim Letter contended that a class action settlement agreement into which SJCERA entered in 2001 ("2001 Settlement Agreement") required SJCERA to fund the Post-'82 Supplemental Benefit Reserve but, despite having sufficient funds in the separate Contingency Reserve to fund that reserve, wrongfully chose to prioritize funding for its Contingency Reserve, leading to a temporary cessation of the Post-'82 Supplemental Benefit Reserve benefit payments in 2017. The RPESJC Claim Letter sought upwards of $25 million in damages as a result of the purported breaches.

14. Plaintiff is informed and believes that on or about June 26, 2017, SJCERA tendered the RPESJC Claim Letter to Travelers seeking defense and indemnity for the claim. Meanwhile, SJCERA denied the RPESJC Claim Letter from Toy and Miller, et al.

15. On or about November 3, 2017, SJCERA and its Board were served with a complaint filed by certain RPESJC member Retirees, including Toy and Miller, originally entitled *Miller, et al. v. San Joaquin County Employees' Retirement Association, et al.*, Case No. STK-CVUBC-2017-10696 (San Joaquin County Superior Court) (in the Second Amended Complaint, described below, the lead plaintiff changed and the case title was changed to *Allum, et al. v. San Joaquin County Employees' Retirement Association, et al.,* but retained the same case number) (the "Allum Lawsuit"). The Complaint stated causes of action for Declaratory Relief; Writ of Mandate; Accounting; Breach of Contract; and the Breach of the Covenant of Good Faith and Fair Dealing relating to SJCERA's alleged breach of the 2001 Settlement Agreement, as outlined in the RPESJC Claim Letter.

16. Plaintiff is informed and believes that on or about November 6, 2017, SJCERA sent a copy of the Complaint in the Allum Lawsuit to Travelers, thereby renewing its prior tender of the RPESJC Claim Letter.

16. On or about November 29, 2017, Travelers sent a letter to SJCERA denying a defense for the RPESJC Claim Letter and Allum Lawsuit.

17. On December 10, 2018, plaintiffs in the Allum Lawsuit filed a Second Amended Complaint ("2AC"). The 2AC raised a number of additional allegations asserting that SJCERA failed to comply with its fiduciary obligations in connection with its adoption of policies and resolutions that plaintiffs claim resulted in the suspension of the Post-'82 Benefit in 2017. SJCERA again tendered those claims to Travelers, and on March 18, 2019, Travelers denied the tender of the 2AC in the Allum Lawsuit for the same reasons as it denied the SJCERA's prior tenders.

18. On or about November 6, 2017 SJCERA tendered its defense of the Allum Lawsuit to Hudson.

19. Hudson initially declined to defend SJCERA in the Allum Lawsuit based on the timing of the Claim being made during the term of the Travelers

Case 2:23-cv-03026-TLN-CKD Document 1 Filed 12/27/23 Page 6 of 11

Policy, before the Hudson Policy incepted. On or about March 21, 2019, Hudson agreed under a reservation of rights, and without waiving any coverage defenses to reimburse SJCERA 50% of its defense costs in the Allum Lawsuit under the following conditions: (1) Hudson's reimbursement would apply to fees starting from date of the filing of the 2AC; (2) Hudson's reimbursement was subject to the retention of the policy; and (3) HUDSON reserved the right to seek reimbursement from other parties, including but not limited to Travelers, for amounts paid as defense costs.

20. Hudson ultimately incurred $327,136.41 in defending SJCERA in the Allum Lawsuit.

21. SJCERA prevailed at the trial court level in the Allum Litigation.

### SJCERA v. Travelers Coverage Litigation

22. On April 30, 2019, SJCERA filed a First Amended Complaint against Travelers in an action entitled *San Joaquin County Employees' Retirement Association v. Travelers Casualty and Surety Company of America*, United States District Court for the Eastern District of California, Case No. 2:18-CV-02042-JAM-CKD ("SJCERA Coverage Action"), seeking, among other things, a declaration that Travelers was obligated to defend SJCERA for the underlying claims (RPESJC Claim Letter and Allum Lawsuit) under the Policy, and on October 25, 2019, SJCERA filed a Motion for Summary Judgment against Travelers in the SJCERA Action to establish Travelers' duty to defend SJCERA in the Allum Lawsuit.

23. In the SJCERA Coverage Action, Travelers denied that it had a duty under the Travelers Policy to defend SJCERA as to the underlying claims and, on November 8, 2019, Travelers filed a Cross-Motion for Summary Judgment against SJCERA to establish that by operation of the Prior and Pending Proceeding Exclusion, the Travelers Policy did not cover the allegations asserted against SJCERA and had no duty to defend SJCERA in the Allum Lawsuit.

6
COMPLAINT

24. On December 10, 2019, the United States District Court for the Eastern District of California, in the SJCERA Coverage Action denied SJCERA's Motion for Summary Judgment and granted Travelers' Cross Motion for Summary Judgment ("Summary Judgment Rulings").

25. SJCERA appealed the Summary Judgment Rulings to the United States Court of Appeals for the Ninth Circuit (*San Joaquin County Employees' Retirement Association v. Travelers Casualty and Surety Company of America*, No. 20-15053), and on April 8, 2021 the United States Court of Appeals for the Ninth Circuit reversed the Summary Judgment Rulings, finding that the Travelers Policy covered the allegations asserted in the Allum Lawsuit and had a duty defend SJCERA. The United States Court of Appeals for the Ninth Circuit remanded the SJECRA Coverage Action to the Eastern District of California.

26. The Ninth's Circuit April 8, 2021 ruling conclusively determined, as a matter of law, that the claim by RPESJC, which gave rise to the Allum Lawsuit, was first made during the term of the Travelers Policy and that Travelers had the duty to defend the Allum Lawsuit in its entirety.

27. Hudson has demanded that Travelers reimburse it $327,136.41, which Hudson incurred to defend SJCERA in the Allum Lawsuit. As of the date of this pleading, Travelers has paid Hudson nothing in response to Hudson's demands.

## FIRST CAUSE OF ACTION DECLARATORY RELIEF

### DUTY TO DEFEND

### Count One

### (Against All Defendants)

28. Plaintiff incorporates paragraphs 1 through 27 inclusive, as though the allegations of those paragraphs were set forth here in full.

29. As against Defendants, an actual, present and justiciable controversy has arisen and now exists between Plaintiff on the one hand and Defendants on the

other, concerning their respective rights, duties and obligations owing to SJCERA under the insurance policies issued by each of them.

30. In particular, Hudson contends and is informed and believes and thereon alleges that Defendants deny the following:

    a. Defendants had a duty to defend SJCERA against the claims, demands, actions and causes of action asserted against SJSCERA in the Allum Lawsuit;

    b. Defendants had and have an equitable duty and responsibility to pay the entire costs of defense incurred on behalf of SJCERA; and

    c. The fees and costs associated with the defense of SJCERA should be equitably apportioned between and among the Defendants, under applicable law and equitable principles.

31. A declaration by this Court of each party's defense obligation is necessary and appropriate at this time so that Plaintiff and Defendants can determine their obligations and duties with respect to the Allum Lawsuit. Plaintiff has no adequate or speedy remedy at law. Therefore, it is necessary for the Court to adjudicate the rights, duties and obligations of the parties with respect to providing SJCERA with a defense to the Allum Lawsuit.

## Count Two
### (Against All Defendants)

32. Plaintiff incorporates paragraphs 1 through 31, inclusive, as though the allegations of those paragraphs were set forth here in full.

33. As against Defendants an actual, present and justiciable controversy has arisen and now exists between Plaintiff on the one hand and Defendants on the other, concerning Plaintiff's rights, duties and obligations owing to SJCERA under the insurance policies issued by each of them.

34. In particular, Plaintiff contends and is informed and believes and thereon alleges that Defendants deny the following:

a. Plaintiff did not have a duty to defend SJCERA against the claims, demands, actions and causes of action asserted against SJCERA in the Allum Lawsuit;

b. Plaintiff did not have an equitable duty and responsibility to pay any portion of the costs of defense incurred on behalf of SJCERA; and

c. The fees and costs of defending SJCERA have been and are being borne disproportionately by Plaintiff.

35. A declaration by this Court of Plaintiff's defense obligation is necessary and appropriate at this time so that Plaintiff and Defendants can determine their obligations and duties with respect to the Allum Litigation. Plaintiff has no adequate or speedy remedy at law. Therefore, it is necessary for the Court to adjudicate the rights, duties and obligations of the parties with respect to providing SJCERA with a defense to the Allum Lawsuit.

## SECOND CAUSE OF ACTION
## EQUITABLE INDEMNITY
## (Against All Defendants)

36. Plaintiff incorporates paragraphs 1 through 35, inclusive, as though set forth here in full.

37. This claim for equitable indemnity is pled in the alternative to the cause of action for equitable contribution.

38. Defendants are each obligated to provide SJCERA with a defense to the Allum Lawsuit. However, Defendants failed to reimburse Plaintiff for the defense costs paid by Plaintiff on behalf of SJCERA. As a consequence, Plaintiff has paid in excess of its equitable share, if any, of the defense costs of SJCERA.

39. Defendants, inclusive, are primarily and/or exclusively liable for the defense costs of SJCERA, and thus in equity are required to reimburse Plaintiff for their equitable share of said defense costs.

## THIRD CAUSE OF ACTION

## EQUITABLE CONTRIBUTION

### (Against All Defendants)

40. Plaintiff incorporates paragraphs 1 through 39, inclusive, as though set forth herein in full.

41. As against Defendants, Plaintiff alleges that they are each responsible pursuant to the terms and conditions of each and every policy of insurance issued to their respective insureds for the payment of Plaintiff's defense fees and costs incurred in SJCERA's defense against the Allum Lawsuit.

42. Plaintiff contends that, with respect to the Allum Lawsuit, each Defendant is obligated to contribute to SJCERA's defense.

43. To date, Defendants have failed to contribute a full and equitable share of the costs incurred and continuing to be incurred in the defense of SJCERA against the Allum Lawsuit.

44. Plaintiff has paid more than its equitable share of any sums attributable to SJCERA's defense against the Allum Lawsuit, and therefore Plaintiff is entitled to recover from Defendants, and each of them, who paid less than their equitable share.

WHEREFORE, Plaintiff prays as follows:

ON THE FIRST CAUSE OF ACTION

1  For a declaration that Defendants were obligated to defend SJCERA in full as against the Allum Lawsuit.

2. For a declaration that Plaintiff was not obligated to defend SJCERA, as against the Allum Lawsuit.

3. For a declaration that each Defendant is required to reimburse Plaintiff for that Defendant's share of the defense costs of $327,136.41 incurred by Plaintiff in connection with the defense of the Allum Lawsuit.

## ON THE SECOND CAUSE OF ACTION

1. For an order requiring Defendants to reimburse Plaintiff the legal defense fees and costs incurred by Plaintiff in providing SJCERA with a defense to the Allum Lawsuit.

## ON THE THIRD CAUSE OF ACTION

1. For an order requiring Defendants to reimburse Plaintiff for Defendants' respective equitable shares of all policy benefits, uncovered fees, costs, and sums advanced by Plaintiff to SJCERA in defense of the Allum Lawsuit, plus pre-judgment interest, such that the Defendants herein are not unjustly enriched by Plaintiff.

## ON ALL CAUSES OF ACTION

1. For costs of suit herein;

2. For prejudgment interest;

3. For such other and further relief as the Court may deem just and proper

DATED: December 27, 2023                SACRO & WALKER LLP


By   */s/William K. Enger*
     JENNIFER YU SACRO
     WILLIAM K. ENGER
     Attorneys for Plaintiff
     HUDSON INSURANCE COMPANY